Morgan v. Garland

BIA
Mulligan, IJ
A055 563 276

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

STEPHEN ALPHANSO MORGAN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

19-1750
NAC

---

FOR PETITIONER: Kai W. De Graaf, Esq., Ada, MI.

FOR RESPONDENT: Ethan P. Davis, Acting Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; Craig

A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Stephen Alphanso Morgan, a native and citizen of Jamaica, seeks review of a May 31, 2019 decision of the BIA affirming a December 18, 2018 decision of an Immigration Judge ("IJ") ordering Morgan's removal for an aggravated felony crime of violence and denying relief from removal under the Convention Against Torture ("CAT"). *In re Stephen Alphanso Morgan*, No. A 055 563 276 (B.I.A. May 31, 2019), *aff'g* No. A 055 563 276 (Immig. Ct. N.Y. City Dec. 18, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review de novo whether a conviction is an aggravated felony. *Martinez v. Mukasey*, 551 F.3d 113, 117 (2d Cir. 2008). We

2

review factual challenges to the agency's denial of CAT relief under the substantial evidence standard. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020).

The agency ordered Morgan removed for an aggravated felony and specifically that his assault conviction under New York Penal Law 120.05(2) is a crime of violence. Morgan's challenge to that determination is foreclosed by *Singh v. Barr*, which holds that § 120.05(2) is categorically a crime of violence. 939 F.3d 457, 462–64 (2d Cir. 2019). "In the absence of any decisions by the Supreme Court or our own court . . . that would cast doubt on [a decision's] viability, . . . . a panel of this court will not overturn a . . . decision of another panel, rendered after full consideration of the very point at issue." *Kremer v. Chemical Constr. Corp.*, 623 F.2d 786, 788 (2d Cir. 1980).

Moreover, we find no error in the agency's denial of CAT relief. Morgan alleges that he is at risk of torture because he was a member of the Jamaica Labor Party and members of a rival party shot at him when he visited Jamaica in 2007. But more than 13 years have passed since Morgan was last in Jamaica, Morgan has not received any threats since the 2007

shooting, and his party is now in control of the government. Thus, the BIA's determination that petitioner failed to establish that he would more likely than not be tortured by, at the instigation of, with the consent of, or with the acquiescence of a public official upon his return to Jamaica is supported by substantial evidence. To the extent Morgan argues that Jamaica's generally high level of political violence poses a threat to him, evidence of general political violence, without more, is insufficient to show that Morgan will likely be tortured. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (requiring petitioners to provide particularized evidence that they will more likely than not be tortured in order to support a CAT claim).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court

4